[Cite as *State v. Beckett*, 2012-Ohio-4814.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
|  | : | William B. Hoffman, P.J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2012 AP 01 0002 |
|  | : |  |
|  | : |  |
| FLOYD D. BECKETT | : | O P I N I O N |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:           Criminal Appeal from Tuscarawas
County Court Case No. TRD 11
00427

JUDGMENT:           Affirmed

DATE OF JUDGMENT ENTRY:           October 12, 2012

APPEARANCES:

For Plaintiff-Appellee           For Defendant-Appellant

ROBERT R. STEPHENSON, II           E. MARIE SEIBER
Newcomerstown Solicitor           P.O. Box 108
206 West High Avenue           Dennison, Ohio  44621
New Philadelphia, Ohio  44663

*Edwards, J.*

{¶1} Appellant, Floyd D. Beckett, appeals a judgment of the Tuscarawas County Court convicting him of improper starting (Newcomerstown Village Ordinance 331.13). Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2} On March 10, 2011, Sandra Sears was operating a car in the Village of Newcomerstown. Her daughter Marcella Sears was in the passenger seat, while her son Daniel Sears was in the backseat. Daniel's daughter had been life flighted to Columbus and the group planned to stop at the Chase Bank in Newcomerstown before traveling to Columbus.

{¶3} While the Sears vehicle was slowing down to turn into the bank near the Newcomerstown News building, appellant pulled out of a parking space, striking the Sears vehicle on the passenger side. Appellant said, "It's okay, ma'am, everything's fine. I did hit you." Daniel Sears replied, "Yeah, I know you knew it was your fault." Marcella told her brother to go back to the car.

{¶4} Shirley Hayes was working in the Newcomerstown News building and heard the crash, but did not see the accident. She saw that an accident had occurred in front of a building next to hers, which used to be a coffee shop. She called the police because she could hear raised voices.

{¶5} Officer Bryan Eubanks of the Newcomerstown Police Department arrived on the scene. He was aware that an ambulance had picked up Daniel Sears' daughter earlier and she was sent to Columbus by a life flight. However, at the scene, Daniel

Sears did not give Eubanks his real name, and instead indentified himself using the name of Marcella's son.

{¶6}   At the scene of the accident, appellant's passenger told the officer that the accident happened either in front of the coffee shop or the Newcomerstown News. Appellant told Eubanks that Sears was speeding.  He told the officer that he went to pull out from a parking spot, Sears was going too fast and he did not see her vehicle. However, the officer believed Sears estimated speed of 25 mph to be accurate because there would have been more damage to her car at a higher speed.  The officer noted that there was damage to the Sears vehicle on the front passenger bumper and parking light, while the damage to appellant's vehicle was between the tip of the driver's side door to almost even with the center of the tire.  He noted that there was no damage to the side of the Sears vehicle or to the front of the tire, as would normally be found if the vehicles side-swiped.

{¶7}   Appellant was cited for improper starting.  The case proceeded to trial in the Tuscarawas County Court.  Appellant testified that he and his fiancé went to the Family Dollar store to buy toilet paper.  While traveling in front of the Newcomerstown News, he felt someone bump the rear of the vehicle.  The Sears vehicle then started to pass him and side-swiped him to avoid an oncoming vehicle.  He claimed the officer did not talk to him, nor did the officer talk to his fiancé.  He testified that the officer talked only to the occupants of the Sears vehicle and then told him he was being cited.  He testified that the accident occurred half a block after he had pulled out of his parking space, and that because Daniel Sears gave a false name to police, he believed he was driving the vehicle and the drivers switched after the accident.

{¶8} The trial court found appellant guilty and fined him $25.00. He assigns two errors on appeal:

{¶9} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN THAT THE EVIDENCE WAS INSUFFICIENT TO FIND APPELLANT GUILTY OF IMPROPER STARTING, A VIOLATION OF NEWCOMERSTOWN VILLAGE ORDINANCE §331.13.

{¶10} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN THAT THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I, II

{¶11} Appellant argues that the judgment is against the manifest weight of the evidence and is not supported by sufficient evidence. Appellant appears to argue that he could not have been parked in front of the Newcomerstown News building because Shirley Hayes testified that the two spaces in front of the building were occupied by her vehicle and her co-worker's vehicle.

{¶12} In determining whether a verdict is against the manifest weight of the evidence, the appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶13} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**{¶14}** Newcomerstown Village Ordinance 331.13 provides, "No person shall start a vehicle, streetcar, or trackless trolley which is stopped, standing, or parked until such movement can be made with reasonable safety."

**{¶15}** There clearly was sufficient evidence, viewing the evidence in a light most favorable to the prosecution, to support the conviction. Sandra and Marcella Sears both testified that appellant pulled out from a parking spot, striking their vehicle. Marcella testified that he pulled out from a spot in front of the Newcomerstown News, while Sandra testified that the newspaper office was the closest building to where the accident occurred. Shirley Hayes heard the accident which she testified happened in front of a building next to the newspaper office, which used to be a coffee shop. Officer Eubanks testified that the damage to the vehicle was consistent with appellant pulling from a parking space into the Sears vehicle, and inconsistent with a side-swipe accident. He further testified that appellant admitted to him at the scene that he pulled out of a parking space and into the Sears vehicle, but claimed he did not see the vehicle because it was traveling too fast. Further, Officer Eubanks testified that appellant's passenger told him the accident occurred at the coffee shop or the newspaper office.

**{¶16}** We also cannot find that the trier of fact lost its way in weighing the evidence and considering the credibility of the witnesses. Appellant's testimony that the accident occurred when Sears side-swiped him attempting to pass contradicts all the other evidence in the case, including that of the officer who testified that the physical damage to the vehicles was not consistent with a side-swipe accident. Further, while it

is unclear exactly where appellant was parked, the witnesses agreed the accident occurred somewhere in the area of the newspaper office or a former coffee shop, which the evidence reflected are next to each other.

{¶17}  The first and second assignments of error are overruled.

{¶18}  The judgment of the Tuscarawas County Court is affirmed.


By: Edwards, J.

Hoffman, P.J. and

Farmer, J. concur


_____


_____


_____

JUDGES


JAE/r0828

[Cite as *State v. Beckett*, 2012-Ohio-4814.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                                  :
                                               :
                    Plaintiff-Appellee         :
                                               :
                                               :
                                               :
-vs-                                           :        JUDGMENT ENTRY
                                               :
FLOYD D. BECKETT                               :
                                               :
                    Defendant-Appellant        :        CASE NO. 2012 AP 01 0002


        For the reasons stated in our accompanying Memorandum-Opinion on file, the

judgment of the Tuscarawas County Court is affirmed.  Costs assessed to appellant.


                                        _____

                                        _____

                                        _____

                                                        JUDGES